Fuller *v.* The Atlanta & Florida Railroad Company.

This case is controlled by the decision in *Atlanta & Florida Railroad Co.* v. *Fuller,* just rendered. The evidence was the same in both cases. The verdict in the present case being for the defendant was right, and there was no error in refusing a new trial.
May 15, 1893.                              *Judgment affirmed.*

Action for damages.   Before Judge Westmoreland, City court of Atlanta.   December term, 1891.

This suit was brought by the mother of Tony Fuller, for the loss of his services.   The jury found for the defendant, and the plaintiff's motion for a new trial was overruled.   The material evidence was as follows:

One Dorsey saw Tony and a Kitchens boy get on the train; did not think it was the custom for boys to get on the train, but did not interfere with them, thinking it was the railroad's business.   When they got on, the conductor was in the depot and the engineer on the engine.   The conductor came out and motioned to the engineer, and was in such a position that Dorsey thought he saw the boys on the train.   The conductor said nothing to the boys.   The train passed on faster than the conductor could walk, and as the train got near Kitchens' house, Kitchens saw his son and hollowed to him, and he jumped off the train.   Tony tried to jump off, and was caught under the wheels and his legs cut off. Dorsey testified, that he had been knowing it as a standing thing for the boys to ride on the train up to this time, and never heard any objection to it; since this boy was hurt the boys had not been allowed to ride on the train as they did before.   Another witness testified, that the conductor and trainmen objected to the boys riding on the cars as a general thing, but he did not know what they said to Tony; he had not seen any boys riding on the cars while switching, since the accident to Tony; the agents and employees did not allow small boys to jump on or off the train if they knew it; he had heard the agents of defendant tell the small boys to keep away from there; did not hear them say anything to Tony.   Another testified that he did not hear anybody connected with defendant warn Tony to keep away from the railroad.   Another, who was standing near the railroad track at the time, testified that he did not know whether any of the trainmen saw Tony or knew he was on the car; he had occasionally seen boys ride on the

train while switching, before the accident, but had seen none since; he heard no warning given to Tony to keep off the train or tracks, and never saw Tony on the cars before that day. Plaintiff testified, that she did not consent for Tony to go to the railroad, and did not know he was there. He did not loaf around the streets, and was not away from her a great deal.

The evidence for defendant was to this effect: Its agents or employees did not know that Tony was on the train when he was hurt. He had been repeatedly warned not to go about the trains or railroad. On the day of the accident and previous thereto, he was in the depot, and the station agent ordered him to go home; afterwards saw him climbing up on a car, pulled him down and again told him to go home. The truck hand also warned him to keep away from the railroad. The station agent did not remember to have sent Tony's mother any communication. Boys were always ordered off the cars when seen on them, both by said agents and other employees of defendant; boys were not allowed to ride on the cars while the cars were being switched. Tony was continually loafing about town and the depot, and his mother seemed to make no effort to keep him at home. When she reached the depot after he was hurt, she said he had been away from home all day (the injury occurring between two and three o'clock in the afternoon), and she did not know where he was. The conductor did not see Tony on the train before he was hurt, and did not know he was on the train until he found that he had been hurt. When the train first pulled up to the station, some little boys came up to it and swung to the ladders, and the conductor made them get away and ordered them off. The train was moving about as fast as a man would walk when the boy was hurt. A witness who was on top of one of the cars attending to the brake, but who does not seem to have

been an employee of defendant, saw Tony on the car, and hollowed at him not to get down until the train stopped, but Tony jumped down any way.

G. S. THOMAS and J. W. COX, for plaintiff.

C. Z. BLALOCK and D. W. ROUNTREE, for defendant.